UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY RILEY,

            Petitioner,           Case Number 13-13059
                                          Honorable David M. Lawson

v.

SHERRY BURT,

            Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Johnny Riley, through counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A jury in the Wayne County, Michigan circuit court convicted the petitioner of first-degree murder and possession of a firearm during the commission of a felony. He was sentenced to life imprisonment for murder and a consecutive two-year term of imprisonment for the firearm conviction. The petitioner asserts that new evidence demonstrates that he is actually innocent and that the state courts erred in refusing to grant him relief from judgment on the basis of that evidence. The Court finds from the petition and attachments that the petitioner is not entitled to relief. Therefore, the Court will deny the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without requiring an answer from the respondent.

I.

The petitioner's convictions arise from the April 1993 shooting death of Anthony Gaston. According to the petitioner, the chief witness against him at trial was Tremell Woolen, who testified under a grant of immunity. Woolen testified that the petitioner, a passenger in his car, was armed with an assault rifle. While they were driving, the petitioner started shooting at a car driving next to them, which was occupied by Gaston. Woolen testified that another man, Marlon Richardson,

was driving in a car ahead of them when the shooting occurred. According to the petitioner, the other evidence at trial indicated that the shooting resulted from a dispute over money. The petitioner and Richardson operated a drug house. Gaston, believing that he was owed money, had robbed the drug house at gun point about a week before his murder.

The petitioner appealed his conviction, raising claims of evidentiary error and ineffective assistance of counsel. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Riley*, No. 190993, 1998 WL 1992883 (Mich. Ct. App. Mar. 3, 1998). The Michigan Supreme Court subsequently denied leave to appeal. *People v. Riley*, 459 Mich. 914, 589 N.W.2d 285 (1998) (Table).

In 2008, state prisoner Victor Kennard Boone-Bey signed an affidavit stating that he is the older brother of Tremell Woolen and that Woolen told him that he testified falsely against the petitioner. Woolen allegedly told Boone-Bey that he, rather than the petitioner, was the shooter, and it bothered him that he had sent an innocent man to prison. The affidavit also indicates that Woolen himself was murdered and that Boone-Bey believes that his murder was connected to the shooting of Gaston.

On April 28, 2010, the petitioner filed a motion for relief from judgment in the trial court, arguing that he was entitled to a new trial based on this newly discovered evidence of his innocence. The trial court denied the motion in a written opinion on August 18, 2010. The court found that the petitioner's new evidence did not satisfy the standard set forth in *People v. Lemmon*, 456 Mich. 625, 643-44 (1998), for granting a new trial based on new evidence that attacks a trial witness's credibility. *People v. Riley*, No. 95-002711-01-FC (Wayne Cnty. Cir. Ct.). The petitioner filed an

application for leave to appeal, which was denied. *People v. Riley*, No. 301387 (Mich. Ct. App. August 30, 2011); *People v. Riley*, 491 Mich. 885, 809 N.W.2d 576 (2012) (Table).

The petitioner then filed the present petition for a writ of habeas corpus on July 16, 2013, raising a single claim: that he is entitled to habeas relief based on the newly discovered evidence of his innocence.

II.

Promptly after the filing of a petition for a writ of habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243. If after preliminary consideration the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases in the United States District Courts; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). The analysis of

a petitioner's claim is limited to consideration of "the law as it was 'clearly established' by [Supreme Court] precedents at the time of the state court's decision," *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), and habeas jurisdiction "require[s] a claim of legal error in the original proceedings," *Staley v. Jones*, 239 F.3d 769, 780 n.12 (6th Cir. 2001). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court must have applied federal law in a way that is "objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

The petitioner does not argue that the state violated any of his federal constitutional rights. Rather, he argues that the new evidence of his innocence, in itself, entitles him to habeas relief and that the state court erred in denying his motion for relief from judgment under state law. To the extent that the petitioner rests his argument on an alleged error in the application of state law, the petitioner's claim fails because habeas relief does not lie for errors of state law. It is well established that "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The Sixth Circuit has held that "[i]n a habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 18, 22-23 (6th Cir. 1981).

Insofar as the petitioner is basing his petition on a claim that new evidence demonstrates his innocence, his claim likewise must fail. "[O]ur body of habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). According to well-established Sixth Circuit

precedent, the petitioner faces an insurmountable obstacle in attempting to advance his claim of actual innocence as a substantive claim seeking habeas relief. *Cress v. Palmer*, 484 F.3d 844, 853-55 (6th Cir. 2007). The Supreme Court has stated that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. . . . [F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution — not to correct errors of fact." *Herrera*, 506 U.S. at 400. In dictum, the *Herrera* court indicated that an actual innocence claim might be cognizable "if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. The Supreme Court noted, however, that even if such a claim were cognizable, the threshold showing "would necessarily be extraordinarily high." *Ibid*.

Here, there was an avenue open for the petitioner to pursue his actual innocence claim in the state courts. The trial court considered the claim on the merits and found that the proffered new evidence was insufficiently persuasive to warrant a new trial. Nor is the affidavit presented by the petitioner sufficient to constitute the "extraordinarily high" that would be required were the petitioner's claim cognizable. Habeas relief is not warranted on the petitioner's claim.

### III.

The petitioner has not established that the state court decisions in this case were contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

                                s/David M. Lawson
                                DAVID M. LAWSON
                                United States District Judge

Dated: August 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2013.

                                s/Shawntel Jackson
                                SHAWNTEL JACKSON